■ J. F. BRAUN & SONS, Respondent, v. FIRST NATIONAL CITY BANK OF NEW YORK, Appellant.— Order entered July 8, 1968, unanimously modified on the law, to grant summary judgment dismissing the first cause of action, without costs or disbursements; otherwise affirmed. Plaintiff, a customer of defendant bank, has sued for damage resulting from certain transactions in respect of plaintiff's account and those of two other customers. All three had so-called no-delay privileges, i.e., deposits were forthwith credited to their accounts without awaiting collection. The bank, discovering that the two customers other than plaintiff were engaging in exchange of checks to inflate their balances, placed an embargo on payment of checks drawn on these accounts, deposits thereto being promptly credited. Plaintiff had drawn checks in large amounts to one of the kiting customers, which were charged against plaintiff's account and credited to the depositor; meanwhile checks taken in exchange were dishonored. The balance then remaining in the account on which the bad checks were drawn was used by defendant to liquidate loans. Plaintiff's account was thereby depleted and, because of their insolvency, plaintiff was unable to recoup from the other two customers. The first cause of action charges that defendant, with knowledge of kiting by the others, should not have extended no-delay privileges to them, which enabled them to make false representations to plaintiff by reason of which plaintiff was damaged. There is no such duty, nor is there any indication that plaintiff, in engaging in the exchange transaction, relied on the bank's conduct. Actually, these allegations provide background for the second cause and constitute a splitoff of a portion of the second cause. Summary judgment should have been granted dismissing the first cause. The second cause, however, alleges that, with knowledge of the kiting situation, and of the bad financial position of the others, and of their practices, and in bad faith, defendant manipulated all three accounts so as to appropriate to itself the sums lost by plaintiff. Whatever may be a bank's right to recover its losses from one customer at the expense of another, it must do so in good faith (see *Hydrocarbon Proc-*

*essing Corp.* v. *Chemical Bank N. Y. Trust Co.*, 16 N Y 2d 147). A valid cause is stated, and an issue exists at least as to the time at which the bank learned of its customers' machinations, and acted upon that knowledge. Concur — Stevens, P. J., Capozzoli, Tilzer, Markewich and Nunez, JJ.